**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE IPE CLIP FASTENER COMPANY, LLC,**

**Plaintiff,**

**v.** **Case No.:**

**ALLEN'S TRADING COMPANY, LLC**

**Defendant.**
_______________________________/

# COMPLAINT

Plaintiff, The Ipe Clip Fastener Company, LLC ("Ipe Clip"), by and through its undersigned attorneys, files this Complaint against Allen's Trading Company, LLC ("Defendant" or "Allen's Trading"), and states as follows:

## Parties

1. Plaintiff, The Ipe Clip Fastener Company, LLC, is a limited liability company that is duly organized under the laws of the State of Florida, with its principal place of business in Bradenton, Florida.

2. Ipe Clip is wholly-owned by Solution Management, Inc., a Delaware corporation.

3. Upon information and belief, Defendant, Allen's Trading Company, LLC, is a limited liability company that is duly organized under the laws of the State of Tennessee, with its principal offices in Knoxville, Tennessee.

## Personal Jurisdiction

4. This Court has personal jurisdiction over Defendant Allen's Trading because, among other things, Allen's Trading has committed a tortious act within the Middle District of Florida, and/or caused injury to Ipe Clip within Florida arising out of an act or omission by Allen's Trading outside this state, and at or about the time of the injury Allen's Trading was engaged in solicitation or service activities within the Middle District of Florida.

5. This Court has personal jurisdiction over Allen's Trading.

## Venue

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391.

## Subject Matter Jurisdiction

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## FIRST CAUSE OF ACTION
## (Patent Infringement)

8. Ipe Clip repeats and realleges each and every allegation contained in paragraphs 1 through 7 herein with the same force and effect as though said paragraphs were again set forth in their entirety.

9. Ipe Clip develops, manufactures and sells hidden deck fasteners for use on wood and composite decking. Ipe Clip is a market innovator in the area of, among other things, hidden deck fasteners.

10. Ipe Clip is the owner and assignee of United States Patent No. 8,464,488 ("'488 Patent") titled Anchoring Device. A true and correct copy of the '488 Patent is attached hereto as Exhibit A.

11. On or about June 18, 2013, the '488 Patent was duly issued after a complete and fair examination by the United States Patent and Trademark Office.

12. The '488 Patent is valid and enforceable.

13. Upon information and belief, Allen's Trading makes, uses, sells and/or offers to sell Eagle Claw deck fasteners.

14. Allen's Trading has infringed and is currently infringing the '488 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering for sale, within the United States, Florida, and the Middle District of Florida, products sold under the name "Eagle Claw" which are covered by at least one claim of the '488 Patent.

15. The accused "Eagle Claw" clips infringe one or more claims of the '488 Patent. For example, Allen's Trading infringes at least Claim 1 of the '488 Patent which claims:

> An anchoring device comprising:
>
> an anchor that anchors adjacent spaced boards to each other and to a support, comprising:
>
> a generally horizontal top element of varying thicknesses, said top element made of a bendable first resilient material having a core component of a second different material, said top element sized and shaped to fit into a joining slot of a laid board, and having at least one element generally extending downwardly from the underside thereof, and a fastening aperture through said top element and said at least one element generally extending downwardly.

16. Allen's Trading infringes at least Claim 5 of the '488 Patent which claims:

> An anchoring device comprising:
>
> an anchor that anchors adjacent spaced boards to each other and to a support, comprising:
>
> a generally planar horizontal top element with areas of varying thicknesses of a bendable first resilient material having a second different material embedded therein and sized and shaped to fit into a joining slot of a laid board, at least one element generally extending downwardly from the underside of said top element, with a fastening aperture generally extending downwardly through said top element and said at least one element.

17. Allen's Trading infringes at least Claim 13 of the '488 Patent which claims:

> An anchoring device comprising:
>
> an anchor that anchors adjacent spaced boards to each other and to a support, comprising:
>
> a generally horizontal top element comprising areas of varying thicknesses, said top element made of a first bendable resilient material having at least one of a solid and particulate second material embedded in the generally horizontal top element that is sized and shaped to fit into a joining slot of a laid board, at least one element extending downwardly from the underside of said top element, with a central axis generally coinciding with a central axis of a fastening aperture therethrough.

18. Ipe Clip and Allen's Trading compete directly in the market.

19. Upon information and belief, Allen's Trading has actual knowledge of the '488 Patent prior to manufacturing, developing, selling and offering for sale the Eagle Claw products that infringe the '488 Patent.

20. Ipe Clip has no adequate remedy at law against Allen's Trading's act of infringement and Allen's Trading's infringement will continue unless enjoined by this Court.

21. Ipe Clip has suffered and will continue to suffer irreparable injury as a result of Allen's Trading's infringement of the '488 Patent.

22. Allen's Trading's infringement of the '488 Patent has damaged Ipe Clip and will continue to damage Ipe Clip unless enjoined by this Court.

23. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Ipe Clip.

24. Ipe Clip has engaged the law firms of Shumaker, Loop & Kendrick, LLP and Schröder, Joseph & Associates, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

WHEREFORE, Ipe Clip respectfully requests that this Court enter judgment granting the following relief: 1) a judgment that Allen's Trading infringed the '488 Patent, both literally and/or under the doctrine of equivalents; 2) preliminarily and permanently enjoining Allen's Trading, its officers, members, directors, agents and employees from infringing the '488 Patent; 3) awarding Ipe Clip damages pursuant to 35 U.S.C. § 284; 4) pre-judgment and post-judgment interest, attorneys' fees, disbursements and costs of this action; and 5) such other and further relief as may be just and equitable.

**DEMAND FOR JURY TRIAL**

Ipe Clip demands a jury trial on all claims and issues so triable.

Dated: February 1, 2017

Respectfully submitted,

J. Todd Timmerman, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Jeffrey B. Fabian
Florida Bar No. 0085868
jfabian@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Plaintiff, The Ipe Clip Fastener Company, LLC*

Of counsel:

Jennifer L. Friedman
Schröder, Joseph & Associates, LLP
*Attorneys for Plaintiff*
392 Pearl Street, Suite 301
Buffalo, New York 14202
Telephone No.: (716) 881-4900
Facsimile No.: (716) 881-4909
jfriedman@sjalegal.com